**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 13 2022

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

Gregory Holt # 129616
(Abdul Maalik Muhammad)
Maximum Security Unit
2501 State Farm Rd.
Tucker, AR 72168
Pro Se

This case assigned to District Judge ___Moody___
and to Magistrate Judge ___Harris___

United States District Court
Eastern District of Arkansas
Central Division

Gregory Holt # 129616
(Abdul Maalik Muhammad),
                        Plaintiff
        vs.

Dexter Payne, Director of the
Arkansas Division of Correction;
        and

William Straughn, Assistant
Director of the Arkansas Division
of Correction,
                        Defendants

Case No. 4:22-cv-00553-JM-PSH

Verified Complaint
For Declaratory And
Injunctive Relief

Jury Trial Demanded

1

# Complaint For Declaratory And Injunctive Relief

Plaintiff, Gregory Holt a/k/a Abdul Maalik Muhammad, files this complaint for Declaratory and Injunctive Relief against Arkansas Division of Correction officials Dexter Payne and William Straughn (collectively "Defendants"). The Complaint alleges violations of the First and Fourteenth Amendments to the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. Section 2000cc et seq., pursuant to 42 U.S.C. Section 1983 and Defendants' failure to accomodate Plaintiff's sincere Muslim practices.

## Introduction

(1) Plaintiff Gregory Holt, also known as Abdul Maalik Muhammad is a prisoner in the Maximum Security Unit in Tucker, Arkansas, which is a part of the Arkansas Division of Correction. Plaintiff is a devout Muslim who follows the

2

Sunnah of the Prophet Muhammad (saws) and the Salaf of our Rightly Guided Predecessors.

(2) Part of that practice includes guarding one's modesty, The Qur'an commands this: "Say to the believing men that they should lower their gaze and guard their modesty; that will make for greater purity for them; and God is well acquainted with all that they do."

(Surah An-Noor; 30) (Abdullah Yusuf Ali translation) Guarding one's modesty means covering the awrah, the area between the navel and knees, especially in the presence of other people.

(3) The Maximum Security Unit engages in

3

a practice, which is not an ADC policy, of during shakedowns and the strip searches that accompany such shakedowns to require the plaintiff to submit to hand restraints and to be removed from his cell clad only in boxer shorts and shower shoes. Nevermind the fact that he was strip searched just seconds earlier and remained in full sight of officers.

(4) Plaintiff objected to being required to appear this way on April 12, 2022, during a shakedown of 2 Barracks where he is currently housed. He told officers that he had a religious objection to appearing semi-clothed, especially in front of female officers. He was told that if he didn't comply with that order, he would be sprayed with a chemical irritant and taken to isolation. He advised those officers that such an order was illegal because it was

4

not rooted in any Division of Correction policy or Department policy. It was not rooted in any Maximum Security Unit policy. This was all to no avail.

(5) Plaintiff knows that it is not policy because in 2019 he was confronted with this situation. At that time, members of the Division of Correction's K-9 Unit accosted the Plaintiff at his cell for purposes of walking the dogs through the cells in a search for contraband. Plaintiff argued with those officers, involving his religious objections. Those officers threatened him with disciplinary action and the use of chemical agents if he did not comply. At the conclusion of the confrontation, Plaintiff notified his attorneys at the Council on American-Islamic Relations (CAIR) about what had occurred. CAIR contacted Christine Cryer of the Office of Legal Counsel which is located in the Secretary of the Arkansas Department

5

of Correction's Office. Ms. Cryer contacted then-Deputy Warden Todd Ball about the situation. On July 4, 2019, in a nearly 2 hour conversation between the Plaintiff and Warden Ball, it was discovered that not only was it not policy but there was a proper way to strip search during a shakedown. Once a prisoner is strip searched and his clothes are also searched in the cell, the prisoner is then allowed to get dressed and submit to hand restraints. Only then is the prisoner remaed from the cell.

(16) After this conversation took place, the practice was halted for a long time. Covid came and all shakedowns ceased for a period of 18 months. Once shakedowns resumed, the practice started again, but officers honored the Plaintiff's objections. It was not until the past 3 months that officers refused to do so.

(17) Plaintiff sincerely believes that being forced to stand in his underwear, either in the

6

dayroom in the presence of other prisoners or outside of his cell in the presence of officers of mixed company, violates the Qur'anic injunction regarding modesty,

(8) Plaintiff has been forced to violate those beliefs through threats of disciplinary action and use of chemical agents. This is in spite of the fact that no policy requires the Plaintiff to obey such an order.

(9) The practice at issue here substantially burdens the right of the Plaintiff to his free exercise of religion by means that are not the least restrictive.

(10) Moreover, the Defendants cannot identify any compelling governmental interest for denying Plaintiff his request. Security cannot be invoked because such a practice has no basis in policy.

(11) The ADC previously lost a religious

accomodation lawsuit brought by Plaintiff regarding the denial of his right to wear a beard; ADC was required by the United States Supreme Court to permit plaintiff to grow a religious beard. (See Holt vs. Hobbs, 135 S.Ct. 853, 2015)

(12) Holt vs. Hobbs has since became landmark precedent elevating religious protections for prisoners of all faiths nationwide. Its precedent governs here, requiring Defendants to permit the Plaintiff to be fully clothed while his cell is searched.

## I. Jurisdiction and Venue

(13) This is an action for declaratory, and injunctive relief arising under the First and Fourteenth Amendments to the U.S. Constitution, RLUIPA, and 42 U.S.C. Section

8

1983.

(14) This Court has federal question jurisdiction over Plaintiff's claims of violations of the U.S. Constitution and RLUIPA pursuant to 28 U.S.C. Section 1331 and 42 U.S.C. Section 1983.

(15) Plaintiff's claims for declaratory and injunctive relief are sought under 28 U.S.C. Section 2201 and 2202, 28 U.S.C. Section 1343, Rules 57 and 65 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court.

(16) Plaintiff's claims for attorneys' fees and costs are predicated upon 42 U.S.C. Section 1988, which authorizes the award of attorneys' fees and costs to prevailing parties under 42 U.S.C. Section 1983 and RLUIPA.

(17) This Court has personal jurisdiction over Defendants because Defendants reside

9

and conduct business in the State of Arkansas.
The Arkansas Division of Correction's Maximum
Security Unit is an "institution" within the
meaning of 42 U.S.C. Section 2000 cc-1(a) and
42 U.S.C. Section 1997.

(18) Venue is proper under 42 U.S.C. Section 1391
because all Defendants operate within the
geographical boundaries of the State of Arkansas,
and a substantial part of the acts described
herein occurred within this District.

## II. Plaintiff

(19) Plaintiff Gregory Holt a/k/a Abdul Maalik
Muhammad is an individual, a male, a Muslim and an
inmate currently housed at the Maximum Security
Unit in Tucker, Arkansas. Plaintiff is a "person residing
in or confined to an institution" as the term is defined
in 42 U.S.C. Section 2000cc-1(a). Plaintiff previously
litigated a successful religious challenge to an
ADC grooming policy which forbade beards. (See

Holt vs. Hobbs, 135 S.Ct. 853, 2015)

## III. Defendants

(20) Defendant Dexter Payne is the Director of the Arkansas Division of Correction, Defendant Payne is the ultimate decision-maker with authority to approve all ADC policies, procedures, and operations, including religious accomodation policies. Defendant Payne is being sued in his official capacity only,

(21) Defendant William Straughn is the Deputy Director of Institutions of the ADC. Defendant Straughn is a decision-maker with authority to approve ADC policies, procedures, and operations, including religious accomodation policies, at the Maximum Security Unit. Defendant Straughn is also responsible for making the ultimate decision on all grievances filed by inmates that reside at the Maximum Security Unit. Defendant Straughn personally refused

11

to protect Plaintiff's religious beliefs regarding modesty, Defendant Straughn is being sued in his official capacity only.

## IV. Exhaustion Of Legal Remedies

(22) Plaintiff has exhausted all remedies as to all parties and issues. (Exhibit I)

## V. Facts

(23) On April 12, 2022, Plaintiff was approached by officers of the Maximum Security Unit at his cell for the purposes of a shakedown. Plaintiff was advised to submit to a strip search, which he complied with. Then, while he was attempting to get dressed, he was told that he would have to exit the cell clad only in his boxer shorts and shower shoes. Plaintiff protested this order and told the officers that not only was such an order

illegal because it was not policy, but also the order violated a sincerely held religious belief that he was to be modest and be clothed around others. Plaintiff was threatened with disciplinary action and the use of chemical agents if he did not comply.

(24) Accordingly, on April 13, 2022, Plaintiff filed an informal resolution regarding the incident. (Exhibit I) By reply dated April 14, it was stated that "you were never nalie (sic) in front of any females." That same day, Plaintiff proceeded to Step 2, which is the formal grievance stage. (Id.) By reply dated April 19, Deputy Warden Maurice Culclager stated what the shakedown policy for contraband searches entailed. It did not address Plaintiff's concerns. On April 25, Plaintiff appealed that decision to Defendant Straughn, and on May 18, Defendant Straughn stated that it was "standard procedure" to remove inmates from their cells in their boxer shorts and shower shoes to ensure

that "inmates are not in possession of contraband." Nevermind the fact that those same officers had just strip searched the prisoners seconds before. Further, that reply contradicted the information given to the Plaintiff in 2019 by the Secretary's Office in which such a practice was curtailed.

(25) As a result of all of these efforts, Plaintiff has exhausted his administrative remedies.

(26) At no stage of the grievance process did any of Plaintiff's religious objections get addressed. A formal protest was lodged by the Council on American-Islamic Relations (CAIR) regarding this incident to the Office of Legal Counsel.

## VI. Legal Claims

(27) Plaintiff realleges and reincorporates by reference Paragraphs 1-26 as if argued here.

(28) The practice of requiring the Plaintiff to step outside of his cell clad only in his boxer

shorts and shower shoes violates his sincerely held religious belief that a Muslim is to be modest by covering his awrah (the area between the navel and the knees). This is commanded by the Prophet Muhammad (saws).

(29) Plaintiff asserts that the current practice of requiring him to leave his cell so attired violates his First Amendment right to practice the deen of Islam and is not the least restrictive means of achieving the security goals sought by the practice. This violates RLUIPA.

(30) In fact, Defendants' deliberate indifference and failure to respect the religious practices of the Plaintiff has forced the Plaintiff into a veritable Hobson's choice; refuse to comply and be sprayed with chemical agents and be subjected to disciplinary action or comply and violate his sincerely held religious beliefs.

15

(31) RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief" (42 U.S.C. Section 2000cc-5 (7)(A)) Congress mandated that this concept "shall be construed in favor of a broad protection of religious exercise." (See Holt vs. Hobbs, 135 S.Ct. 860) (quoting Burwell vs. Hobby Lobby Stores, 134 S.Ct. 2751, 2014) see also 42 U.S.C. Section 2000cc-3 (g). RLUIPA contemplates a "'more focused'" inquiry and "'requires the Government to demonstrate that the compelling interest test is satisfied through application of the challenged law "to the person"—the particular claimant whose sincere exercise of religion is being substantially burdened'" (Id. at 2779)( quoting O Centro, at 431)

(32) Here, it is obvious that at no stage of the grievance process did the Defendants ever engage in the individualized inquiry required by RLUIPA. The religious objections were ignored.

(33) It is also obvious that Plaintiff's religious

beliefs and practice regarding modesty have been substantially burdened. He is threatened with disciplinary action and the threat of the use of chemical agents if he does not comply. He faces it every time there is a shakedown, including the next one scheduled before the July 4 holiday. [FN1] This practice is not one that policy permits based upon the curtailment of it in 2019. Therefore, the assertion of Defendant Straughn that such is necessary for the security of the institution is not believable.

## Count 1

## Violation Of Religious Land Use And Institutionalized Persons Act

(34) Plaintiff hereby realleges and incorporates by reference herein the foregoing paragraphs of this Complaint as if fully set forth herein.

(35) RLUIPA provides that prisons may

FN1 - Plaintiff intends to ask this Court for an emergency TRO in order to stay this practice ahead of that shakedown.

19

not "impose a substantial burden on the religious exercise of a person residing in or confined to an institution" unless the government proves that the burden furthers "a compelling governmental interest" by "the least restrictive means." (42 U.S.C. Section 2000cc-1(a))

(36) Plaintiff has a sincere belief in Islam, including the belief that he must be modest which includes remaining clothed.

(37) Defendants refuse to recognize that belief. Should the Plaintiff not comply with the order to exit his cell clad only in boxer shorts and shower shoes, he runs the risk of being sprayed with chemical agents and being subjected to disciplinary action. Defendants' actions impose a substantial burden on Plaintiff's sincere religious exercise.

(38) Defendants' imposition of a substantial burden on Plaintiff's sincere religious practice

is not in furtherance of a compelling
governmental interest. Defendant Straughn
states that such is necessary to promote the
safety and security of the institution. This
assertion is belied by the following; (a) It is not
a policy; (b) it was curtailed in 2019 following
the same objections from Plaintiff that he is
raising here. This practice was discontinued from
July, 2019, all the way to the start of the
pandemic and the shutting down of ADC
institutions in March, 2020, and (c) the prisoners
are strip searched in the cells before leaving
the cell. It is a bit of a mystery why after this
takes place one still has to exit the cell
so clothed.

(39) The Supreme Court in <u>Holt vs. Hobbs</u>
granted the Plaintiff's religious request to
grow a beard, holding that the ADC had
failed to demonstrate how his beard would
imperil safety and security. As in <u>Holt vs. Hobbs</u>,

19

the Defendants here have provided insufficient explanation why this practice has been renewed in light of the foregoing and why Plaintiff's request for an accomodation would harm any compelling interest related to ADC operations.

(40) Defendants' insistence that Plaintiff exit his cell clad only in boxer shorts and shower shoes is not the least restrictive means of furthering any governmental interest, compelling or otherwise.

(41) Defendants have failed to consider alternatives, or to implement less restrictive measures regarding their current shakedown practices.

Wherefore, Plaintiff requests this Court grant declaratory relief and injunctive relief in the form requested in the Prayer For Relief below, in addition to all such other relief this Court deems just and proper under RLUIPA

and 42 U.S.C. Sections 1983 and 1988, including costs and attorneys' fees in this action.

(42) Plaintiff has no plain, adequate, or complete remedy at law to rectify the RLUIPA violations now occurring unless the Court enters the declaratory and injunctive relief that he seeks.

## VII. Jury Trial

(43) Plaintiff seeks a jury trial on all issues triable by jury,

## Prayer For Relief

Wherefore, Plaintiff requests this Court enter judgment in his favor and against the Defendants on each count in this Complaint, and issue an order awarding the following relief:

(1) A declaratory judgment that:
   (a) The failure of the Defendants to accomodate the Plaintiff's sincere religious belief of modesty violated

21

his rights under RLUIPA;

(b) The alleged rationale behind the requirement that Petitioner exit his cell in boxer shorts is not the least restrictive means of achieving the security goals sought by the practice, and

(c) The threat of the use of chemical agents and disciplinary action for non-compliance substantially burdens Plaintiff's religious practice;

(2) An emergency temporary restraining order that:

(a) Stays the practice of requiring the Plaintiff to exit his cell clad in boxer shorts temporarily until such time as the Court can hold a hearing. Specifically, it forbids Maximum Security Unit staff from requiring Plaintiff to exit his cell so clothed at the next major holiday shakedown set approximately the week before the July 4 holiday,

(3) A permanent injunction that:

(a) Forbids ADC personnel from ever requiring

22

the Plaintiff to appear so clothed, absent extraordinary circumstances.

(4) Attorney's fees, costs, and expenses of all litigation, pursuant to 42 U.S.C. Section 1988; and

(5) Such other and further relief as the Court may deem just, proper, and equitable.

Respectfully submitted,

Gregory Holt

Gregory Holt #189616
(Abdul Maalik Muhammad)
Maximum Security Unit
2501 State Farm Rd.
Tucker, AR 72168

Verification

I verify that the foregoing is true and correct to the best of my knowledge, except as to matters based upon information and belief, and as to those, I believe them to be true under penalty of perjury.

Signed: Gregory Holt (Abdul Maalik Muhammad)
Date: 6-9-22
Executed at: Tucker, Arkansas

23

RECEIVED

**UNIT LEVEL GRIEVANCE FORM**(Attachment I)

Unit/Center __Maximum Security__    MAY 0 2 2022

INMATE GRIEVANCES SUPERVISOR
ADMINISTRATION BUILDING

Name __Gregory Holt__

ADC# __129606__    Brks # __2-27__    Job Assignment __Bldg. Porter__

| FOR OFFICE USE ONLY |
| --- |
| GRV.# __MX-22-00463__ |
| Date Received: __4-18-22__ |
| GRV. Code #: __519__ |

__4-13-22__ (Date) STEP ONE: Informal Resolution

__4-14-22__ (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: __I never said anything about nudity, Undress at all is prohibited and is not policy;__

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature. If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____

_Is this Grievance concerning Medical or Mental Health Services?_ **No**  _If yes, circle one: medical or mental_
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): __On 4-12-22, officers at the Maximum Security Unit conducted a shakedown of 2 Barracks. Upon arrival at my cell, 2-27, I was directed to strip down to my boxers and step out of my cell. I verbally protested this order to staff that were present and asked to wear a t-shirt to no avail. I am a practicing Muslim that believes that appearing in front of females that I am not married to is forbidden. It is a sincerely held religious belief as that term is defined in RLUIPA (42 U.S.C. Section 2000 cc) and Holt vs. Hobbs. Modesty is commanded for a Muslim male. Further, requiring me to leave my cell so attired is not ADC policy. Then Deputy Warden Todd Ball advised that it was highly improper to require me to do this. This was said after Christine Chief, of the office of legal Counsel of the Secretary's Office intervened after my attorneys contacted her in 2019 regarding the same situation. This needs to be resolved.__

__Gregory Holt__                          __4-13-22__
Inmate Signature                          Date

_If you are harmed/threatened because of your use of the grievance process, report it immediately to the Warden or designee._

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**
This form was received on __4/13/22__ (date), and determined to be **Step One** and/or an Emergency Grievance __NO__ (Yes or No). This form was forwarded to medical or mental health? _____ (Yes or No). If yes, name of the person in that department receiving this form: _____    Date _____

__A. Wilson__            __6090__        __Salter Ple__              __4/13/22__
PRINT STAFF NAME (PROBLEM SOLVER)    ID Number    Staff Signature    Date Received
Describe action taken to resolve complaint, including **dates**: __Per Lt. Ps  & Your were never nake in front of any females__

__Sgt. Wilson__    __4/14/22__                __Gregory Holt__    __4-14-22__
Staff Signature & Date Returned                Inmate Signature & Date Received

This form was received on __4/14/22__ (date), pursuant to **Step Two**. Is it an Emergency? __NO__ (Yes or No).
Staff Who Received Step Two Grievance: __Salter Ple__    Date: __4/14/22__
Action Taken: __Forward__ (Forwarded to Grievance Officer/Warden/Other) Date: _____
If forwarded, provide name of person receiving this form: _____    Date: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

IGTT410
3GS

Attachment III

INMATE NAME: Holt, Gregory H.          ADC #: 129616C          GRIEVANCE #: MX-22-00463

## WARDEN/CENTER SUPERVISOR'S DECISION

I have reviewed your complaint. You state the following: "On 4-12-22, officers at the Maximum Security Unit conducted a shake down of 2 barracks, upon arrival at my cell, 2-27, I was directed to strip down to my boxers and step out of my cell. I verbally protested this order to staff that were present and asked to wear a t-shirt to no avail. I am a practicing muslim that believes that appearing in front of females that I am not married to is forbidden. It is a sincerely held religious belief as that that term is defined in Rluipa (h2 USC section 2022 cc) and Holt vs Hobbs, Modesty is commended for a muslim male. Further, requiring me to leave my cell so attired is not ADC policy, Then deputy Warden Todd Ball advised that it was highly improper to require me to do this. This was said after Christine Cryer, of the office of legal counsel of the secretary's office intervened after my attorneys contacted her in 2019 regarding the same situation, this needs to be resolved."

Please be advised that searches can be conducted by security staff at any time. AD 20-21-08 states: Searches are conducted as often as necessary to control contraband, but never for purposes of punishment or harassment. Strip searches of inmates do not require reasonable suspicion that the individual is concealing contraband and will be conducted by the same gender except in case of emergency. All inmates who will be restrained will be strip searched prior to being removed from their cell. Therefore, I find your grievance without merit.

RECEIVED

MAY 0 2 2022

INMATE GRIEVANCES SUPERVISOR
ADMINISTRATION BUILDING

Signature of Warden/Supervisor or Designee            Title            Date  4.19.22

## INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues, which are not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE? If one looks at AD21-08, It says nothing about a prisoner being required to stand handcuffed, outside of their cell or living area in the presence of female staff in just their underwear. In fact, in 2019, that was debunked by then-deputy warden Todd Ball who advised that it was improper to require me to appear so attired. This occurred after protests were lodged by both CAIR and Prof. Laycock of UVA Law School. The purpose of this grievance is to not only exhaust my administrative remedies but also to establish a paper trail in the event of my refusal to comply with an oppressive and blatantly illegal order.

_Gregory Holt_
Inmate Signature

ADC#: **129616**

4-25-22
Date

If appealing, please submit both the Unit Level Grievance Form
(Attachment I) and the Warden's Decision (Attachment III)

**RECEIVED**

MAY 0 2 2022

**INMATE GRIEVANCES SUPERVISOR**
**ADMINISTRATION BUILDING**

IGTT430
3GD

Attachment VI

INMATE NAME: Holt, Gregory H.      ADC #: 129616      GRIEVANCE#:MX-22-00463

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On April 13, 2022, you stated the following complaint: "On 4-12-22, officers at the Maximum Security Unit conducted a shake down of 2 barracks, upon arrival at my cell, 2-27, I was directed to strip down to my boxers and step out of my cell. I verbally protested this order to staff that were present and asked to wear a t-shirt to no avail. I am a practicing muslim that believes that appearing in front of females that I am not married to is forbidden. It is a sincerely held religious belief as that that term is defined in Rluipa (h2 USC section 2022 cc) and Holt vs Hobbs, Modesty is commended for a muslim male. Further, requiring me to leave my cell so attired is not ADC policy, Then deputy Warden Todd Ball advised that it was highly improper to require me to do this. This was said after Christine Cryer, of the office of legal counsel of the secretary's office intervened after my attorneys contacted her in 2019 regarding the same situation, this needs to be resolved."

The Warden responded to your grievance on April 19, 2022, by stating the following: "Please be advised that searches can be conducted by security staff at any time. AD 20-21-08 states: Searches are conducted as often as necessary to control contraband, but never for to purposes of punishment or harassment. Strip searches of inmates do not require reasonable suspicion that the individual is concealing contraband and will be conducted by the same gender except in case of emergency. All inmates who will be restrained will be strip searched prior to being removed from their cell. Therefore, I find your grievance without merit."

Your appeal was received on May 2, 2022. After review of your appeal and supporting documentation, I must concur with the Warden's decision. When conducting cell searches and/or being escorted to showers, inmates are removed from their cells in boxers and shower shoes only. This is a standard procedure to ensure inmates are not in possession of contraband, and to maintain the safety and security of the facility. Your appeal is without merit.

Appeal denied.

_____          5/8-22
Director                                                 Date

Please be advised that if you appeal this decision to the U.S. District Court, a copy of this Chief Deputy/Deputy/Assistant Director's Decision must be attached to any petition or complaint or the Court may dismiss your case without notice. You may also be subject to paying filing fees pursuant to the Prison Litigation Act of 1995.

Gregory Holt #1296l6
(Abdul Maalik Muhammad)
Maximum Security Unit
2501 State Farm Rd,
Tucker, AR 72168

Legal Mail

MAXIMUM
SECURITY
UNI

NEOPOST
06/10/2022
US POSTAGE $0
0

United States District Court Clerk
600 W. Capitol Room A-149
Little Rock, AR 72201

Legal Mail