**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**GREGORY HOLT**                                                              **PLAINTIFF**
ADC #129616
(aka ABDUL MAALIK MUHAMMAD)

**v.**                           **No: 4:22-cv-00553-JM-PSH**


**DEXTER PAYNE,** *et al.*                                          **DEFENDANTS**


<u>**ORDER**</u>

**I. Introduction**

Plaintiff Gregory Holt, an inmate at the Tucker Maximum Security Unit (Tucker) of the

Arkansas Division of Correction (ADC), filed a complaint pursuant to 42 U.S.C. § 1983 and the

Religious Land Use and Institutionalized Persons Act (RLUIPA) on June 13, 2022 (Doc. No. 2).

Holt is a Muslim and asserts that modesty is a central tenet of his faith requiring him to keep the

awrah covered.  Doc. No. 2 at 2-4. He alleges that he faces punishment, in the form of chemical

spray and disciplinary action, if he does not comply with orders to leave his cell undressed during

shakedowns, and that this requirement violates his rights under the First and Fourteenth

Amendments of the U.S. Constitution[1] and RLUIPA.  *Id.* at 4-7, 12-21.  The Court granted Holt's

application to proceed *in forma pauperis* and ordered service on defendants Dexter Payne and

---

[1] Although Holt alleges that his First and Fourteenth Amendment rights were violated, Doc. No. 2 at 2, 8-9 & 15, he does not appear to pursue a claim for violation of those rights, and instead proceeds only under RLUIPA seeking declaratory and injunctive relief. *See id.* at 17-21 (listing count 1 under RLUIPA and no other counts). Further, Holt moves for summary judgment only as to his RLUIPA claim. *See* Doc. No. 60.

William Straughn (the "Defendants") (Doc. No. 4).  All parties demanded a jury trial.[2]  *See* Doc. No. 2 at 21 & Doc. No. 7 at 3.

Holt moved for an emergency temporary restraining order and preliminary injunction to enjoin the defendants from requiring him to exit his cell wearing only boxer shorts and shower shoes during routine shakedowns (Doc. Nos. 3 & 9).  United States Magistrate Judge Patricia S. Harris held an evidentiary hearing on Holt's motions on October 27, 2022, and on December 21, 2022, recommended granting the motions.  *See* Doc. Nos. 30, 31, & 34.  The Court adopted her recommendation and issued a preliminary injunction enjoining the defendants from requiring Holt to leave his cell during shakedowns wearing only boxer shorts and shower shoes until this case is decided (Doc. No. 36).

Holt previously moved for summary judgment but did not attach a separate statement of facts as required by Local Rule 56.1.  *See* Doc. No. 47.  His motion was denied along with a motion to dismiss filed by the Defendants.  *See* Doc. No. 65.  Holt's second motion for summary judgment with an incorporated brief-in-support and attached statement of facts (Doc. No. 60) is now before the Court along with the Defendants' responses (Doc. Nos. 70-71) and Holt's reply (Doc. No. 72). Holt's motion for summary judgment is denied for the reasons explained below.

---

[2]  Because Holt seeks only injunctive relief under RLUIPA and an award of attorney fees pursuant to 28 U.S.C. § 1988, there may be no question for a jury in this case.  *See e.g.*, *Hornsby v. St. Louis Sw. Ry. Co.*, 963 F.2d 1130 (8th Cir. 1992) (holding there is no right to a jury trial where plaintiff's claims are equitable in nature); *Winfrey-Bey v. Shreve*, No. 21-CV-3235-JES, 2024 WL 2097426, at *9–10 (C.D. Ill. May 9, 2024) (same); *see also Burt v. Abel*, 585 F.2d 613, 616 & n. 7 (4th Cir.1978) (holding that "[i]n an action for damages under § 1983, the seventh amendment requires a jury trial upon demand where the amount in controversy exceeds twenty dollars.").

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .".  Fed. R. Civ. P. 56(c)(1)(A).

## III.  Analysis

RLUIPA provides in part, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the burden furthers "a compelling governmental interest," and does so by "the least restrictive means."[3]  42 U.S.C. § 2000cc-1(a)(1)-(2).  The Eighth Circuit has broadly construed "substantial burden" to mean any restriction that significantly inhibits or constrains religious expression; meaningfully curtails a person's ability to express adherence to his or her faith; or denies a person reasonable opportunities to engage in religious activities or expression.  *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008).  If a plaintiff proves that his religious expression has been substantially burdened,

---

[3] RLUIPA applies to any case in which "the substantial burden is imposed in a program or activity that receives Federal financial assistance" or "affects . . . commerce with foreign nations, among the several States, or with Indian tribes."  42 U.S.C. § 2000cc-1(b).  Defendants do not contest that the RLUIPA is applicable to employees of the Arkansas Division of Correction.

the burden shifts to the defendants to prove that their action or policy is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest. *Holt v. Hobbs*, 574 U.S. 352, 356 (2015). "'The least-restrictive-means standard is exceptionally demanding,' and it requires the government to 'sho[w] that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting part[y].'" *Id.* at 364 (quoting *Burwell v. Hobby Lobby Stores, Inc.,* 573 U.S. 682, 728 (2014)).

The Court has carefully reviewed the pleadings and evidence submitted and finds that genuine issues of material fact remain for trial, as explained below.

First, Holt relies on the testimony from the preliminary injunction hearing to establish that his religious rights are substantially burdened by the prison's requirement that he exit his cell wearing only boxers and shower shoes during cell searches. *See* Doc. Nos. 60 & 60-1. The focus of the hearing was on Holt's sincerely held religious belief that modesty requires him to be covered when in the presence of others.[4]   Judge Harris' recommendation was not specific about what clothing Holt should be allowed to wear when he is removed from his cell during cell searches. It recommended simply that the defendants should be enjoined from requiring Holt to leave his cell wearing only boxer shorts and shower shoes.

The defendants assert in response to the motion for summary judgment that the ADC

---

[4] Holt's complaint states that that a Muslim is to be modest by covering his awrah, or the area between the navel and knees. Doc. No. 2 at 15. He also states in the same document that his sincerely held religious belief requires him to be modest and be clothed around others, and that being forced to be in the presence of others wearing only underwear violates "the Qur'anic injunction regarding modesty." *Id.* at 13 and 7. At the hearing, Holt testified that the modesty required by his religion requires him to cover not only the area between his navel and knees, but also the chest and shoulders, and he requested to be allowed "[t]o come out at least with a shirt on." Doc. No. 31 at 29, 34.

shakedown procedures have been changed to allow inmates to wear t-shirts, boxer shorts, and shower shoes during shakedowns. Doc. No. 70 at 2; Doc. No. 71 at ¶¶ 8-9, 14-15, 18, 20-21, 23, 25. They argue Holt's claims are now moot as a result of this policy change, but provide no actual proof of this policy change apart from the depositions of two ADC employees who indicate that prisoners may now wear t-shirts along with boxer shorts and shower shoes when they exit their cells. Doc. Nos. 60-6 & 60-7. These employees could not state whether there is a written policy evidencing this change. *See* Doc. No. 60-6 at 29-30; Doc. No. 60-7 at 11, 14, 23. The defendants argue that material facts remain as to their current policy concerning what inmates wear during cell searches and how Holt's sincerely held religious beliefs are burdened by the current policy. The Court agrees – these facts should be determined at trial.[5]

Additionally, Holt now asks the Court to expand the injunction to allow him to exit his cell during shakedowns fully clothed, wearing long sleeves and pants, and not just a t-shirt, boxers, and shower shoes. Doc. No. 60 at 14-15. The Court has received no evidence on this particular issue. The focus at the prior hearing concerned whether Holt could be allowed to put a t-shirt on after a search. *See* Doc. No. 34 at 10-11 ("If a guard is handed an inmate's clothing and searches a t-shirt in addition to boxers and hands both back to the inmate before the inmate exits his cell, that should not take more than an extra minute in this Court's estimation. Straughn's testimony to the contrary does not comport with common sense."). The Court has not previously taken evidence on the extent to which Holt must keep his entire body clothed, or the security implications of

---

[5] Holt argues that mootness is not a question for the trier of fact. *See* Doc. No. 72 at 2. The Court has already determined that Holt's claims are not mooted by the defendants' unverified assertions that ADC policy has changed. The question remaining is what exactly is required by the ADC during cell searches and whether those requirements substantially burden Holt's sincerely held religious beliefs. And if so, whether the ADC's current requirements are the least restrictive means of furthering a compelling governmental interest.

allowing him to do so, and the parties have provided none.  While the defendants do not appear to question the sincerity of Holt's need to cover the area between his navel and his chest/shoulders, they do question his need to wear pants and a long sleeved shirt at all times.  *See* Doc. No. 70 at 2-3.  Accordingly, the following facts remain for trial:  the sincerity of Holt's belief that he needs to keep his entire body covered; whether the ADC's current policies substantially burden that belief; and if so, whether the ADC's current requirements are the least restrictive means of furthering a compelling governmental interest.

### IV.  Conclusion

Holt's motion for summary judgment (Doc. No. 60) is DENIED because genuine issues of material fact remain.  This case will be set for trial by separate order.

IT IS SO ORDERED this 25th day of June, 2024.

_____
UNITED STATES DISTRICT JUDGE